IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>GREGORY WRIGHT,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S REQUEST FOR REVIEW AND AMENDMENT OF MAGISTRATE'S ORDER OF DETENTION<br><br><br>Case No. 2:07-CR-46 TS |

      This matter came before the Court on January 9, 2009, for hearing on Defendant's Request for Review and Amendment of the Magistrate Judge's denial of his request to be released pending sentencing. Defendant pleaded guilty to one count of Possession of Methamphetamine With Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and is set to be sentenced on January 21, 2009.

      On April 24, 2007, the Magistrate Judge ordered that Defendant be detained pretrial based on the Magistrate Judge's findings that there was a serious risk that Defendant would not appear and also a serious risk that Defendant would endanger the safety of another person or the community. On December 21, 2007, the Magistrate Judge denied

1

Defendant's Motion for Review of Detention. After his plea of guilty was entered, Defendant again sought a review of his detention. On December 15, 2008, the Magistrate Judge again denied the Motion. Defendant now seeks review and amendment of the latest denial.

This Court considers a defendant's request for a de novo review of the Magistrate Judge's Order detaining the defendant—technically "a motion for revocation or amendment of the order" detaining him—under 28 U.S.C. § 3145(b) and DUCrimR 57-16(a)(1).[1] This Court conducts its own de novo review of the detention issue giving no deference to the Magistrate's findings or conclusions.[2] In so doing, this Court may elect to start from scratch and take evidence—whether or not new evidence is proffered—and also may incorporate the record of the proceedings conducted by the magistrate judge, including any exhibits.[3] Although an evidentiary hearing is not required, this Court's policy is to hold a hearing and allow the parties to present any information they choose in support of their positions on detention.

---

[1] Providing that "any party is entitled to appeal a magistrate judge's order releasing or detaining a defendant."

[2] DUCrimR 57-16(a)(1) (providing for de novo review of detention orders); *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Colo. 2002); *see also United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (holding that district court's review under subsection (a) of §3145 is de novo).

[3] *Lutz,* 207 F. Supp. 2d at 1251.

The Bail Reform Act, "contemplates varying levels of scrutiny for defendants as they proceed through the court system."[4] "The different stages of the criminal justice process [are]: awaiting trial, pending sentencing, and pending appeal."[5] At each level, a defendant charged with a certain crimes specified under § 3142(f)(1)(A), (B) and (C)[6] are subject to heightened burdens.

Because Defendant's offense—Possession of Methamphetamine With Intent to Distribute in violation of 21 U.S.C. § 841(a)(1),—is punishable by a maximum term of life pursuant to 21 U.S.C. § 841(b)(1)(A), it is an offense described under § 3142(f)(1)(C).

Section 3143(a)(2)(A) and (B) of the Bail Reform Act governs release or detention of a defendant pending sentencing. Under § 3143(a)(2)(A) and (B), pending sentencing, a defendant like Mr. Wright who has been found guilty of one of the categories of offenses described § 3142(f)(1)(C), shall be "detained *unless*:"

    (A)(i)  the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; *or*

        (ii)  an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; *and*

---

[4]*United States v. Ingle*, 454 F.3d 1082, 1083 (10th Cir. 2006) (considering whether offense was crime of violence within meaning of Act).

[5]*Id.*

[6]*See* § 3142(f)(1)(A) (a "crime of violence"); (B) ("an offense for which the maximum sentence is life imprisonment or death"); and (C) ("an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled substances Act (21 U.S.C. § 801, et seq)" and other specified drug laws).

3

> (B)  the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.[7]

Thus, persons convicted of offenses like Mr. Wright's offense have an additional hurdle in addition to the standard requirement that there be clear and convincing evidence that they are not likely to flee or pose a danger; they must also must meet one of the two conditions of subsection 3143(a)(2)(A).

There can be no motion for acquittal[8] in this case and there is no allegation there will be or could be a motion for new trial,[9] much less that there is a substantial likelihood that one would be granted.

The government has not recommended that no sentence of imprisonment be imposed on Mr. Wright. Therefore, Defendant is not eligible for release pending sentencing under § 3143(a)(2). Defendant argues that § 3143(a)(2) does not apply to a situation like his where he pleaded guilty rather than being convicted after trial. The Court finds that this subsection's plain language is applicable to any person "found guilty" under § 3142(f)(1)((C), and a trial is not required for such a finding. Defendant was found to be guilty of the offense at the end of his change of plea hearing.

Alternatively, Defendant's motion could be considered an appeal of the detention order. On appeal from a detention order, 18 U.S.C. § 3145(c) is applicable:

---

[7] 18 U.S.C. § 3143(a)(2)(A)-(B) (emphasis added).

[8] *See* Fed. R. Crim. P. 29 (providing for motions for judgment of acquittal or for new trial in the contest of a criminal trial).

[9] *See* Fed. R. Crim. P. 33 (providing for motion for new trial).

4

(c) Appeal for a . . . detention order. —

\* \* \*

A person subject to detention pursuant to section 3143(a)(2) . . . who meets the conditions set forth in section 3143(a)(1) . . . may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.[10]

In a recent unpublished case, *United States v. Wages*,[11] the Tenth Circuit construed § 3145(c):

> "Exceptional" is defined as "being out of the ordinary: uncommon, rare." Courts have agreed that "a case by case evaluation is essential."[12]

To qualify for release under § 3145(c), Defendant would have to show exceptional circumstances and also that he meets the conditions set forth in section 3143(a)(1)—that a "judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the community if released."[13] There is a different burden on these issues pending sentencing than pretrial.[14] Pending sentencing, a defendant has the

---

[10] 18 U.S.C. § 3145(c).

[11] 271 Fed. Appx. 726, 727 10th Cir. (March 26, 2008).

[12] 271 Fed.Appx. at 727 (quoting Webster's Third New Int'l Dictionary (Unabridged) 791 (G. & C. Merriam Co. 1976) and *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir.1991) (referring to "a unique combination of circumstances giving rise to situations that are out of the ordinary")) (additional citations omitted).

[13] In *Wages*, unlike the present case, there was such a finding that defendant was not likely to flee or to pose a danger to another person or the community and therefore he otherwise met the conditions of § 3143(a)(1) and therefore was eligible for consideration under § 3145(c).

[14] *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003)(holding that for pretrial release under 18 U.S.C. § 3142, the government's burden to prove flight risk by

5

burden of showing a lack of risk of flight and lack of dangerousness by clear and convincing evidence. If Defendant makes that showing, he is eligible to show he should be released based on "exceptional circumstances."

Defendant argues first that exceptional circumstances are shown because, under his plea agreement, if he violates any federal, state, or local law by fleeing or acting in a dangerous manner to an individual or the community, he will lose the benefits of his plea agreement, including the ability to appeal the ruling denying his Motion to Suppress. The Court finds such conditions to be common in plea agreements and are in no way out of the ordinary, uncommon, or rare as required in *Wages*.

Defendant also argues he should be released because his mother suffers from emphysema and that he would be in the constant company of other family members while released. In *Wages*, the defendant argued that the following were exceptional circumstances that could support a finding that he should be released: "his (1) age (53); (2) lack of prior criminal record; (3) use of a wheelchair and need for a special mattress to avoid pain; (4) limited ability to hear, . . . and (5) need to care for his elderly mother, who also is deaf and has only a limited ability to see." The Tenth Circuit held that the circumstances, "either singly or in combination, did not constitute 'exceptional reasons' requiring release pending sentencing."[15] Thus, the need to care for an elderly or infirm

---

a preponderance of the evidence and its burden to prove danger to the community is by clear and convincing evidence).

[15]271 Fed. Appx. at 728.

mother is insufficient to show "exceptional circumstances."[16]  The Court further finds that offers by family members to house and/or supervise a defendant in order that he be released is also not uncommon.

Because Defendant has not made a showing that he should be released under §3143(a)(2)(A) or shown exceptional circumstances under § 3145(c), the Court need not address the additional factors of flight risk or dangerousness, except to note that there was no evidence presented at the hearing in this matter that could alter the findings that Defendant was a flight risk and a danger to the community—findings made in the pretrial phase of the case when the government had the burden of establishing these factors.

It is therefore

ORDERED that Defendant's Defendant's Request for Review and Amendment of Magistrate's Order of Detention (Docket No. 77), is DENIED.  It is further

ORDERED that Defendant Gregory Wright shall remain DETAINED pending sentencing.

DATED January 9th, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[16] *Id*. at 728.